UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DR. JOHN DOE, | ) | COMPLAINT |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-2328 |
| | ) | |
| JOHN DOES 1-3, | ) | |
| | ) | |
| Defendants. | ) | DEMAND FOR JURY TRIAL |

**COMPLAINT**

NOW COMES the Plaintiff DR. JOHN DOE ("Plaintiff" or "Dr. Doe"), by and through his attorneys, Mudd Law Offices, and complains of Defendants JOHN DOES 1-3[1] ("Defendants"), upon personal information as to his own activities, and upon information and belief as to the activities of others and all other matters, and states as follows:

**NATURE OF ACTION**

1. This is an action for defamation *per se* and false light.

2. By this action, the Plaintiff seeks compensatory damages, punitive damages, and all other relief to which he may be entitled as a matter of law.

**PARTIES**

3. DR. JOHN DOE is a citizen of the State of Illinois and a resident of Cook County, Illinois.

4. JOHN DOES 1-3 are, upon information and belief, unknown individuals who reside outside of the State of Illinois.

---

[1] The Plaintiff cannot be certain of the genders of the Defendants, but for the purposes of simplicity will refer to the Defendants using the pronouns "he" or "him" and the pronominal adjective "his."

1

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of the Plaintiff's claims pursuant to 28 U.S.C. § 1332 as (a) the Plaintiff and, upon information and belief, the Defendants are citizens of different states and (b) the amount in controversy exceeds $75,000.00.

6. This Court may exercise personal jurisdiction over the Defendants because they have sufficient contacts with Illinois for this Court to exercise general personal jurisdiction over them and/or have directed conduct toward the Plaintiff in this jurisdiction sufficient for this Court to exercise specific personal jurisdiction over them.

7. Venue in this district is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district.

8. The Defendants engaged in intentional conduct with actual malice that has harmed the Plaintiff.

9. The Plaintiff has been injured by the Defendants' conduct and has suffered damages resulting therefrom in an amount greater than $75,000.00.

## FACTUAL BACKGROUND

10. The Plaintiff is a physician.

11. The Plaintiff focuses on providing care in the area of pediatrics.

### Defendants' Wrongful Conduct

12. Over the last year, the Defendants have made false statements about the Plaintiff on the websites Vitals.com, RateMDs.com, and HealthGrades.com ("Medical Review Websites").

13. The Medical Review Websites are designed to allow current and former patients to publish public feedback about their experiences with physicians.

14. The Medical Review Websites identify certain physicians by name, practice area, affiliation, and other identifying characteristics.

15. In addition to allowing users to post comments, the Medical Review Websites also list specific categories of the patient care experience, such as the ease of making an appointment and wait time.

16. Upon information and belief, the Defendants have never sought care from the Plaintiff for themselves or their children.

17. As such, any feedback the Defendants post about their purported experience with the Plaintiff as a physician is false.

18. Upon information and belief, the Defendants may have posted similar false statements to other websites.

*July Vitals Post*

19. On July 31, 2016, the Defendants posted a review about the Plaintiff on the website Vitals.com ("July Vitals Post").

20. The Defendants posted the July Vitals Post anonymously.

21. In the July Vitals Post, the Defendants stated that the Plaintiff was "let go from the University of Minnesota due to his unsatisfactory performance."

22. In the July Vitals Post, the Defendants further warned individuals to "NOT LET THIS 'DOCTOR' ANYWHERE NEAR YOUR CHILD."

23. In the July Vitals Post, the Defendants further stated that the Plaintiff deserves less than a one-star rating.

24. The foregoing statements in the July Vitals Post are false.

25. Given the Plaintiff's profession, the foregoing false statements are significantly harmful.

*July RateMDs Post*

26. On July 16, 2016, the Defendants posted a review about the Plaintiff on the website RateMDs.com ("July RateMD Post").

27. The Defendants posted the July RateMD Post anonymously.

28. In the July RateMD Post, the author stated that the Plaintiff is the "[w]orst doctor ever."

29. The foregoing statement in the July RateMD Post is false.

*September RateMD Post*

30. On September 15, 2016, the Defendants posted another review about the Plaintiff on the website RateMDs.com ("September RateMD Post").

31. The Defendants posted the September RateMD Post anonymously.

32. In the September RateMD Post, the author stated that the Plaintiff engages in "[a]rrogant, uncaring, condescending, egotistical behavior."

33. The foregoing statements in the September RateMD Post are false.

*January Vitals Post*

34. On January 1, 2017, the Defendants posted another review about the Plaintiff on the website Vitals.com ("January Vitals Post").

35. The Defendants posted the January Vitals Post anonymously.

36. In the January Vitals Post, the Defendant stated that the Plaintiff is a "convicted child sex predator."

37. The foregoing statement in the January Vitals Post is false.

38. Given the Plaintiff's profession, this false statement is significantly harmful.

39. In the Vitals and RateMD Posts, the Defendants uniformly give the Plaintiff the lowest scores available.

40. The Defendants posted similar statements elsewhere on the Internet, such as on the website HealthGrades.com ("HealthGrades Post").

41. The allegations contained in the Vitals Posts, RateMD Posts, HealthGrades Post, and similar posts shall collectively be known as the "Website Statements."

**Public Perception**

42. The Website Statements contained numerous false and defamatory statements about the Plaintiff.

43. The Website Statements explicitly and/or implicitly state that the author has sought and/or received medical care from the Plaintiff.

44. Upon information and belief, the Defendants have not sought and/or received medical care from the Plaintiff.

45. Since the publication of the Website Statements, any individual reading the Website Statements might believe that the Plaintiff is a convicted child predator and guilty of a crime involving sexual misconduct.

46. The Plaintiff is not a convicted child predator and has not been charged with any crime, particularly any crime involving sexual misconduct.

47. Since the publication of the Website Statements, any individual reading the Website Statements might believe that the Plaintiff would harm children.

48. The Plaintiff would not harm children.

49. Since the publication of the Website Statements, any individual reading the statements might believe that the Plaintiff lacks ability in his profession.

50. The Plaintiff does not lack ability in his profession.

51. Since the publication of the Website Statements, any individual reading the statements might believe that the Plaintiff lacks integrity in his profession.

52. The Plaintiff does not lack integrity in his profession.

53. Since the publication of the Website Statements, any individual reading the statements might be prejudiced against the Plaintiff in his profession.

## Intent and Actual Malice

54. The Defendants acted with intent and actual malice when they engaged in the foregoing conduct because they intended to harm the Plaintiff.

55. The foregoing wrongful conduct engaged in by the Defendants shall hereinafter be referred to as the "Wrongful Conduct."

# COUNT ONE
## AS AND FOR A FIRST CAUSE OF ACTION
### DEFAMATION *PER SE*

56. The Plaintiff hereby incorporates by reference Paragraphs 1 through 55 above in this First Count as though fully set forth herein.

57. In the January Vitals Post, the Defendant stated that the Plaintiff is a "convicted child sex predator."

58. The Plaintiff has never been convicted of any crime, particularly not that of sexual assault.

59. The Plaintiff is not a child predator.

60. The Plaintiff is not a sex predator.

61. The Website Statements falsely impute that the Plaintiff engaged in criminal conduct.

62. Further, the Website Statements falsely impute the Plaintiff lacks integrity in his profession.

63. In the July Vitals Post, the Defendants stated that the Plaintiff was "let go from the University of Minnesota due to his unsatisfactory performance."

64. The Plaintiff was not let go from the University of Minnesota due to unsatisfactory performance.

65. The Website Statements falsely impute the Plaintiff lacks ability in his profession.

66. In the July Vitals Post, the Defendants further warned individuals to "NOT LET THIS 'DOCTOR' ANYWHERE NEAR YOUR CHILD."

67. The Defendants thereby suggested that the Plaintiff would harm children.

68. The Plaintiff would most certainly not harm children.

7

69. The Website Statements prejudice the Plaintiff in his profession.

70. The Defendants published the Website Statements concerning the Plaintiff to third parties.

71. The Defendants made the foregoing statements on and through the Internet.

72. The Website Statements identified the Plaintiff by name.

73. Persons other than the Plaintiff and the Defendants would have and actually have reasonably understood that the Website Statements related to and were about the Plaintiff.

74. The Defendants presented the Website Statements as statements of fact.

75. The Website Statements represent the publication of false and defamatory statements of fact by the Defendants about the Plaintiff.

76. The Website Statements constituted an unprivileged publication of the defamatory statements by the Defendants to third parties.

77. The Defendants made the Website Statements with actual malice knowing the falsity of the statements.

78. As a result of the Defendants' conduct and the publication of the Website Statements, the Plaintiff has suffered and continues to suffer damages including, but not limited to, harmed reputation and harmed standing in the community.

79. The foregoing conduct constitutes defamation *per se*.

80. WHEREFORE, the Plaintiff seeks an award of compensatory and punitive damages arising from the Defendants' *per se* defamation of him.

## COUNT TWO
## AS AND FOR A SECOND CAUSE OF ACTION
## FALSE LIGHT

81. The Plaintiff hereby incorporates by reference Paragraphs 1 through 80 above in this Second Count as though fully set forth herein.

82. In the January Vitals Post, the Defendant stated that the Plaintiff is a "convicted child sex predator."

83. The Plaintiff has never been convicted of any crime, particularly not that of sexual assault.

84. The Plaintiff is not a child predator.

85. The Plaintiff is not a sex predator.

86. In the July Vitals Post, the Defendants stated that the Plaintiff was "let go from the University of Minnesota due to his unsatisfactory performance."

87. The Plaintiff was not let go from the University of Minnesota due to unsatisfactory performance.

88. In the July Vitals Post, the Defendants further warned individuals to "NOT LET THIS 'DOCTOR' ANYWHERE NEAR YOUR CHILD."

89. The Defendants thereby suggested that the Plaintiff would harm children.

90. The Plaintiff would most certainly not harm children.

91. The Website Statements cast the Plaintiff in a false light by falsely claiming he engaged in criminal conduct.

92. The Website Statements further cast the Plaintiff in a false light by imputing that he lacks integrity and ability in his profession.

93. The Defendants published the Website Statements concerning the Plaintiff to third

parties.

94. The Website Statements identified the Plaintiff by name.

95. Persons other than the Plaintiff and the Defendants would and actually have reasonably understood that the Website Statements related to and were about the Plaintiff.

96. The Defendants made the foregoing statements on and through the Internet.

97. By publishing the Website Statements on and through the Internet, the Defendants intentionally published the statements to a wide audience.

98. The Website Statements made by the Defendants about the Plaintiff are and would be highly offensive to a reasonable person.

99. The Defendants made the Website Statements with actual malice knowing the falsity of the statements contained therein.

100. As a result of the Defendants' conduct and casting the Plaintiff in a false light, the Plaintiff has suffered and continues to suffer damages including, but not limited to, harmed reputation and harmed standing in the community.

101. WHEREFORE, the Plaintiff seeks an award of compensatory and punitive damages arising from the Defendants casting him in a false light.

## **GENERAL**

102. Where conditions precedent are alleged, the Plaintiff avers that all conditions precedent have been performed or have occurred.

103. The Plaintiff demands a jury trial.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF DR. JOHN DOE accordingly and respectfully prays for judgment against DEFENDANTS JOHN DOES 1-3 as follows:

1. That PLAINTIFF DR. JOHN DOE be awarded compensatory damages in an amount to be determined at trial;

2. That PLAINTIFF DR. JOHN DOE be awarded punitive damages in an amount to be determined at trial; and,

3. That PLAINTIFF DR. JOHN DOE be awarded any such other and further relief as this Court may deem just and proper or to which Plaintiff may be entitled as a matter of law and equity.

Dated: Chicago, Illinois  PLAINTIFF
March 27, 2017  DR. JOHN DOE,

/s/Charles Lee Mudd Jr.
By: One of His Attorneys
Charles Lee Mudd Jr.
MUDD LAW OFFICES
3114 West Irving Park Road
Suite 1W
Chicago, Illinois 60618
773.588.5410 Telephone
773.588.5440 Facsimile
ARDC: 6257957
clm@muddlaw.com

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| DR. JOHN DOE, | ) | COMPLAINT |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-2328 |
| | ) | |
| JOHN DOES 1-3, | ) | |
| | ) | |
| Defendants. | ) | DEMAND FOR JURY TRIAL |

## JURY DEMAND

PLAINTIFF DR. JOHN DOE demands trial by jury.

/s/Charles Lee Mudd Jr.
Charles Lee Mudd Jr.