**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DR. DANIEL GRUENSTEIN**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 17-cv-2328 |
| | ) | |
| **LAURI SUE BROWNING**, and | ) | Honorable Judge Andrea R. Wood |
| **THERESA WOOD**, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER TO THE PLAINTIFF'S**
**SECOND AMENDED COMPLAINT**

NOW COME the Defendants, Lauri Sue Browning ("Browning") and Theresa Wood ("Wood", Browning and Wood collectively referred to as the "Defendants"), by and through their attorneys, Parikh Law Group, LLC, and as their Answer to the Plaintiff's Second Amended Complaint state as follows:

**NATURE OF ACTION**

1.      This is an action for defamation *per se*, false light, and civil conspiracy.

**ANSWER:** The Defendants admit the Plaintiff pleads the causes of action described in this paragraph.

2.      By this action, the Plaintiff seeks compensatory damages, punitive damages, and all other relief to which he may be entitled as a matter of law.

**ANSWER:** The Defendants admit the Plaintiff seeks damages as described in this paragraph.

## PARTIES

3.      DR. DANIEL GRUENSTEIN is a citizen of the State of Illinois and a resident of Cook County, Illinois.

**ANSWER:** The Defendants admit the allegation in this paragraph.

4.      LAURI SUE BROWNING is a citizen of the State of Minnesota and a resident of Hennepin County, Minnesota.

**ANSWER:** Browning admits the allegation in this paragraph.

5.      THERESA WOOD is a citizen of the State of California and a resident of Los Angeles County, California.

**ANSWER:** Wood admits the allegation in this paragraph.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the subject matter of the Plaintiff's claims pursuant to 28 U.S.C. § 1332 as (a) the Plaintiff and the Defendants are citizens of different states and (b) the amount in controversy exceeds $75,000.00.

**ANSWER:** This paragraph states a legal conclusion for which no answer is required.  To the extent an answer is required, the allegations are denied.

7.      This Court may exercise personal jurisdiction over the Defendants because they have sufficient contacts with Illinois for this Court to exercise general personal jurisdiction over them and/or directed conduct toward the Plaintiff in this jurisdiction sufficient for this Court to exercise specific personal jurisdiction over them.

**ANSWER:** This paragraph states a legal conclusion for which no answer is required.  To the extent an answer is required, the allegations are denied.

8.    In 2016, Defendant Browning resided in the State of Illinois while an in-patient at Lutheran General Hospital ("Lutheran General"). During this time, Defendant Wood visited Defendant Browning in Illinois on at least three occasions.

**ANSWER:** The Defendants admit the allegation in this paragraph that Wood visited Browning in Chicago during 2016.  Browning denies that she was ever a resident of the State of Illinois.

9.    The Defendants know that the Plaintiff works for the University of Chicago in Illinois.

**ANSWER:** The Defendants admit the allegation in this paragraph.

10.    Indeed, the Defendants directed their conduct toward the Plaintiff in this jurisdiction by directing comments concerning the Plaintiff to his prospective University of Chicago patients.

**ANSWER:** The Defendants deny the allegations in this paragraph.

11.    As such, the Defendants posted comments concerning the Plaintiff specifically directed to Illinois residents.

**ANSWER:** The Defendants deny the allegations in this paragraph.

12.    Specifically, on July 31, 2016, one of both of the Defendants posted on HealthGrades.com stating "I am extremely disappointed with University of Chicago. Shame on them for not doing their homework before hiring this horrid man."  On May 8, 2017, one or both of the Defendants posted on HealthGrades.com stating "Do your homework parents and do NOT assume this idiot is competent, just because UC hired him."

**ANSWER:** Browning denies the allegation in this paragraph.  Wood believes she published a post on July 31, 2016; however, she cannot admit to the exact language of the post without the

ability to review the post in its entirety to answer this paragraph.

13. Even where the Defendants reference the University of Minnesota in their comments, such as falsely accusing the Plaintiff of being terminated by the University of Minnesota, the Defendants intentionally make such references only to negatively affect Illinois residents' perspective of the Plaintiff.

**ANSWER:** The Defendants deny the allegations in this paragraph.

14. Indeed, the Defendants sought to attract an Illinois audience for purposes of harming the Plaintiff's reputation in Illinois.

**ANSWER:** The Defendants deny the allegations in this paragraph.

15. As such, the reputational harm arising from Illinois residents reading reviews of the Plaintiff caused the intentional torts to actually occur in Illinois.

**ANSWER:** The Defendants deny the allegations in this paragraph.

16. Venue in this district is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district.

**ANSWER:** This paragraph states a legal conclusion for which no answer is required. To the extent an answer is required, the allegations are denied.

17. The Defendants engaged in intentional conduct with actual malice that has harmed the Plaintiff.

**ANSWER:** The Defendants deny the allegations in this paragraph.

18. The Plaintiff has been injured by the Defendants' conduct and has suffered damages resulting therefrom in an amount greater than $75,000.00.

**ANSWER:** The Defendants deny the allegations set forth in this paragraph and demand strict proof thereof.

## FACTUAL BACKGROUND

19.     The Plaintiff is a physician.

**ANSWER:** The Defendants admit the allegation in this paragraph.

20.     The Plaintiff focuses on providing care in the area of pediatrics.

**ANSWER:** The Defendants admit the allegation in this paragraph.

21.     Defendant Lauri Sue Browning is the Plaintiff's former spouse.

**ANSWER:** Browning admits the allegation in this paragraph.

22.     Defendant Theresa Wood is Defendant Browning's sister.

**ANSWER:** The Defendants admit the allegation in this paragraph.

### Defendants' Wrongful Conduct

23.     Over the last year, the Defendants have made false statements about the Plaintiff on the websites Vitals.com, RateMDs.com, and HealthGrades.com ("Medical Review Websites").

**ANSWER:** Browning denies the allegation in this paragraph.  Wood admits to making certain posts concerning the Plaintiff.

24.     The Medical Review Websites are designed to allow current and former patients to publish public feedback about their experiences with physicians.

**ANSWER:** The Defendants admit that the Medical Review Websites allow for individuals to post feedback about experiences with physicians.

25.     The Medical Review Websites identify certain physicians by name, practice area, affiliation, and other identifying characteristics.

**ANSWER:** The Defendants admit the allegation in this paragraph.

26.     In addition to allowing users to post comments, the Medical Review

Websites also list specific categories of the patient care experience, such as the ease of making an appointment and wait time.

**ANSWER:** The Defendants admit the allegation in this paragraph.

27.    During the period of time the Defendants published the false statements, the Plaintiff and Defendant Browning (and her family) were estranged. As such, the Defendants did not seek care from the Plaintiff for themselves or their children.

**ANSWER:** Browning admits that she was estranged from the Plaintiff beginning in approximately 2015, and that she never sought medical care from the Plaintiff.  Answering further, while Browning never sought medical care for herself or her children, the Plaintiff prepared and submitted false and misleading medical examination to the family law court in Minnesota in an attempt to convince the family law court that Browning's daughter was emaciated and suffered from a serious heart condition, and to accuse Browning of abusing prescription drugs.  The Plaintiff submitted multiple affidavits with the Minnesota court, wherein he opined concerning Browning's physical health and well-being in an attempt to have a court of law declare her unfit to care for her children, despite the fact the Plaintiff never examined Browning.

28.    As such, any feedback the Defendants post about their purported experience with the Plaintiff as a physician is false.

**ANSWER:** The Defendants deny the allegations in this paragraph.

29.    Upon information and belief, the Defendants may have posted similar false statements to other websites.

**ANSWER:** The Defendants deny the allegation in this paragraph and demand strict proof thereof.

*July Vitals Post*

30.     On July 31, 2016, the Defendants posted a review about the Plaintiff on the website Vitals.com ("July Vitals Post").

**ANSWER:** Browning denies the allegation in this paragraph.  Wood believes she posted in July 2016; however, she cannot be certain of the exact date of the post without the ability to review the post in its entirety.

31.     The Defendants posted the July Vitals Post anonymously.

**ANSWER:** Browning denies the allegation in this paragraph.  Wood believes she posted in July 2016 anonymously; however, without the ability to review the post in its entirety is unable to answer this paragraph.

32.     In the July Vitals Post, the Defendants stated that the Plaintiff was "let go from the University of Minnesota due to his unsatisfactory performance."

**ANSWER:** Browning denies the allegation in this paragraph.  Wood believes she posted in July 2016; however, she cannot admit the exact content of any post without the ability to review the post in its entirety.

33.     In the July Vitals Post, the Defendants further warned individuals to "NOT LET THIS 'DOCTOR' ANYWHERE NEAR YOUR CHILD."

**ANSWER:** Browning denies the allegation in this paragraph.  Wood believes she posted in July 2016; however, she cannot admit the exact content of any post without the ability to review the post in its entirety.

34.     In the July Vitals Post, the Defendants further stated that the Plaintiff deserves less than a one-star rating.

**ANSWER:** Browning denies the allegation in this paragraph.  Wood believes she posted in July

2016; however, she cannot admit the exact content of any post without the ability to review the post in its entirety.

35.     The foregoing statements in the July Vitals Post are false.

**ANSWER:** The Defendants deny the allegations in this paragraph.

36.     Given the Plaintiff's profession, the foregoing false statements are significantly harmful.

**ANSWER:** The Defendants deny the allegations in this paragraph.

*July RateMDs Post*

37.     On July 16, 2016, the Defendants posted a review about the Plaintiff on the website RateMDs.com ("July RateMD Post").

**ANSWER:** Browning denies the allegation in this paragraph.  Wood believes she posted in July 2016; however, she cannot be certain of the exact date of any post without the ability to review the post in its entirety.

38.     The Defendants posted the July RateMD Post anonymously.

**ANSWER:** Browning denies the allegation in this paragraph.  Wood believes she posted in July 2016 anonymously; however, she cannot admit with certainty without the ability to review the post in its entirety.

39.     In the July RateMD Post, the author stated that the Plaintiff is the "[w]orst doctor ever."

**ANSWER:** Browning denies the allegation in this paragraph.  Wood believes she posted in July 2016; however, she cannot admit the exact content of any post without the ability to review the post in its entirety.

40.     The foregoing statement in the July RateMD Post is false.

**ANSWER:** The allegation that the Plaintiff is the "worst doctor ever" is a matter of opinion and thus cannot be proven true or false. To the extent an answer is required, the allegation in this paragraph is denied.

*September RateMD Post*

41.     On September 15, 2016, the Defendants posted another review about the Plaintiff on the website RateMDs.com ("September RateMD Post").

**ANSWER:** Browning denies the allegation in this paragraph. Wood believes she posted in September 2016; however, she cannot be certain of the exact date of any post without the ability to review the post in its entirety.

42.     The Defendants posted the September RateMD Post anonymously.

**ANSWER:** Browning denies the allegation in this paragraph. Wood believes she posted in September 2016 anonymously; however, she cannot admit with certainty without the ability to review the post in its entirety.

43.     In the September RateMD Post, the author stated that the Plaintiff engages in "[a]rrogant, uncaring, condescending, egotistical behavior."

**ANSWER:** Wood believes she posted in September 2016; however, she cannot admit the exact content of any post without the ability to review the post in its entirety.

44.     The foregoing statements in the September RateMD Post are false.

**ANSWER:** The allegation that the Plaintiff engages in arrogant, condescending, egotistical behavior is a matter of opinion and thus cannot be proven true or false. To the extent an answer is required, the allegation in this paragraph is denied.

*January Vitals Post*

45.     On January 1, 2017, Defendant Browning posted another review about

the Plaintiff on the website Vitals.com ("January Vitals Post").

**ANSWER:** Browning denies the allegation in this paragraph.

46.     Defendant Browning posted the January Vitals Post anonymously.

**ANSWER:** Browning denies the allegation in this paragraph.

47.     In the January Vitals Post, Defendant Browning stated that the Plaintiff is a "convicted child sex predator."

**ANSWER:** Browning denies the allegation in this paragraph.

48.     The foregoing statement in the January Vitals Post is false.

**ANSWER:** Browning denies making the post referred to in this allegation and is without sufficient knowledge to form a basis to admit or deny the allegations in this paragraph.

49.     Given the Plaintiff's profession, this false statement is significantly harmful.

**ANSWER:** Browning denies making the post referred to in this allegation and is without sufficient knowledge to form a basis to admit or deny the allegations in this paragraph.

### *April RateMD Post*

50.     On April 20, 2017, the Defendants posted another review about the Plaintiff on the website RateMDs.com ("April RateMD Post").

**ANSWER:** Browning denies the allegations in this paragraph.  Wood believes she posted in April 2017; however, she cannot admit with certainty the date without the ability to review the post in its entirety.

51.     The Defendants posted the April RateMD Post anonymously.

**ANSWER:** Browning denies the allegations in this paragraph.  Wood believes she posted in

April 2017 anonymously; however, she cannot admit with certainty without the ability to review the post in its entirety.

52.     In the April RateMD Post, the Defendants stated that the Plaintiff "was fired from U of M for very good reason. He is incompetent, condescending, & almost killed our son."

**ANSWER:** Browning denies the allegations in this paragraph.  Wood believes she posted in April 2017; however, she cannot admit the exact content of any post without the ability to review the post in its entirety.

53.     The foregoing statement in the April RateMD Post is false.

**ANSWER:** Wood denies the statement in its entirety is false.

54.     Given the Plaintiff's profession, this false statement is significantly harmful.

**ANSWER:** The Defendants deny the allegations in this paragraph.

*June RateMD Post*

55.     On June 7, 2017, the Defendants posted another review about the Plaintiff on the website RateMDs.com ("June RateMD Post").

**ANSWER:** Browning denies the allegations in this paragraph.  Wood believes she posted on the website RateMDs.com in June 2017; however, she cannot admit the date with certainty without the ability to review the post in its entirety.

56.     The Defendants posted the June RateMD Post anonymously.

**ANSWER:** Browning denies the allegations in this paragraph.  Wood believes she posted in June 2017 anonymously; however, she cannot admit with certainty without the ability to review the post in its entirety.

57.     In the June RateMD Post, the Defendants stated that the Plaintiff is

an "incompetent doctor" and "a pathological liar."

**ANSWER:** Browning denies the allegations in this paragraph. Wood believes she posted in June 2017; however, she cannot admit the exact content of the post without the ability to review the post in its entirety.

58. The foregoing statement in the June RateMD Post is false.

**ANSWER:** The allegation that the Plaintiff is the "worst doctor ever" is a matter of opinion and thus cannot be proven true or false. To the extent an answer is required, the allegation in this paragraph is denied.

59. Given the Plaintiff's profession, this false statement is significantly harmful.

**ANSWER:** The Defendants deny the allegations in this paragraph.

60. Defendant Wood also posted similar statements elsewhere on the Internet. For example, Defendant Wood posted similar statements on the website HealthGrades.com on August 7, 2016, May 2, 2017, May 8, 2017, and May 20, 2017 ("HealthGrades Posts").

**ANSWER:** Wood admits to making posts concerning the Plaintiff's behavior online. Without the ability to review the posts listed in this paragraph, Wood is unable to answer the remaining allegations in this paragraph.

61. In the Vitals, RateMD, and HealthGrades Posts, the Defendants uniformly give the Plaintiff the lowest scores available.

**ANSWER:** Wood lacks knowledge sufficient to admit or deny which posts are referred to in this paragraph, and as a result deny the allegations and demand strict proof thereof.

62. The allegations contained in the Vitals Posts, RateMD Posts, HealthGrades Post, and similar posts shall collectively be known as the "Website Statements."

**ANSWER:** No facts are alleged in this paragraph such that a response is required. To the extent

an answer is required, the allegations are denied.

### Public Perception

63.     The Website Statements contained numerous false and defamatory statements about the Plaintiff.

**ANSWER:** The allegations of this paragraph state legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

64.     The Website Statements explicitly and/or implicitly state that the author has sought and/or received medical care from the Plaintiff.

**ANSWER:** The Defendants deny the allegations in this paragraph.

65.     The Defendants had not sought and/or received medical care from the Plaintiff during the period of time the Defendants posted the Website Statements.

**ANSWER:** The Defendants admit they had not sought and/or received medical care from the Plaintiff during 2016 and 2017. Answering further, despite never seeking medical care from the Plaintiff, the Plaintiff filed medical opinions that concern Browning's physical health and well-being in a failed attempt to disqualify Browning from having custody of her children.

66.     Since the publication of the Website Statements, any individual reading the Website Statements might believe that the Plaintiff is a convicted child predator and guilty of a crime involving sexual misconduct.

**ANSWER:** The Defendants lack knowledge sufficient to admit or deny what unknown individuals might believe. To the extent an answer is required, the allegation is denied.

67.     The Plaintiff is not a convicted child predator and has not been charged with any crime, particularly any crime involving sexual misconduct.

**ANSWER:** The Defendants lack knowledge sufficient to admit or deny the allegations in this

paragraph.  To the extent an answer is required, the allegation is denied

68.     Since the publication of the Website Statements, any individual reading
the Website Statements might believe that the Plaintiff almost killed a child patient.

**ANSWER:** The Defendants lack knowledge sufficient to admit or deny the allegations in this
paragraph.  To the extent an answer is required, the allegation is denied.

69.     The Plaintiff has never almost killed a child patient or any patient for that matter.

**ANSWER:** The Defendants lack knowledge sufficient to admit or deny the allegations in this
paragraph.  To the extent an answer is required, the allegation is denied.

70.     Since the publication of the Website Statements, any individual reading the
Website Statements might believe that the Plaintiff would harm children.

**ANSWER:** The Defendants lack knowledge sufficient to admit or deny the allegations in this
paragraph.  To the extent an answer is required, the allegations are denied, and strict proof is
hereby demanded.

71.     The Plaintiff would not harm children.

**ANSWER:** The Defendants lack knowledge sufficient to admit or deny the allegations in this
paragraph.  To the extent an answer is required, the allegations are denied.

72.     Since the publication of the Website Statements, any individual reading the
statements might believe that the Plaintiff lacks ability in his profession.

**ANSWER:** The Defendants lack knowledge sufficient to admit or deny the allegations in this
paragraph.  To the extent an answer is required, the allegations are denied, and strict proof is
hereby demanded.

73.     The Plaintiff does not lack ability in his profession.

**ANSWER:** The Defendants deny the allegations in this paragraph.

74.     Since the publication of the Website Statements, any individual reading the statements might believe that the Plaintiff lacks integrity in his profession.

**ANSWER:** The Defendants lack knowledge sufficient to admit or deny the allegations in this paragraph.  To the extent an answer is required, the allegations are denied, and strict proof is hereby demanded.

75.     The Plaintiff does not lack integrity in his profession.

**ANSWER:** The Defendants deny the allegation in this paragraph.

76.     Since the publication of the Website Statements, any individual reading the statements might be prejudiced against the Plaintiff in his profession.

**ANSWER:** The Defendants lack knowledge sufficient to admit or deny the allegations in this paragraph.  To the extent an answer is required, the allegations are denied, and strict proof is hereby demanded.

**Intent and Actual Malice**

77.     The Defendants acted with intent and actual malice when they engaged in the foregoing conduct because they intended to harm the Plaintiff.

**ANSWER:** The allegations of this paragraph state legal conclusions for which no answer is required.  To the extent an answer is required, the Defendants deny the allegations.

78.     The foregoing wrongful conduct engaged in by the Defendants shall hereinafter be referred to as the "Wrongful Conduct."

**ANSWER:** No facts are alleged in this paragraph such that a response is required.  To the extent an answer is required, the allegations are denied.

**COUNT ONE**

**AS AND FOR A FIRST CAUSE OF ACTION DEFAMATION *PER SE***

79.    The Plaintiff hereby incorporates by reference Paragraphs 1 through 78 above in this First Count as though fully set forth herein.

**ANSWER:** The Defendants incorporate and restate the answers to Paragraphs 1 through 78 as though fully set forth herein.

80.    In the January Vitals Post, the Defendant stated that the Plaintiff is a "convicted child sex predator."

**ANSWER:** Wood and Browning are unable to answer this allegation because no individual is identified in this allegation and the word "Defendant" is not defined.  To the extent an answer is required, the allegation is denied.

81.    The Plaintiff has never been convicted of any crime, particularly not that of sexual assault.

**ANSWER:** The Defendants lack knowledge sufficient to admit or deny the allegations in this paragraph.  To the extent an answer is required, the allegations are denied.

82.    The Plaintiff is not a child predator.

**ANSWER:** The Defendants lack knowledge sufficient to admit or deny the allegations in this paragraph.  To the extent an answer is required, the allegations are denied.

83.    The Plaintiff is not a sex predator.

**ANSWER:** The Defendants lack knowledge sufficient to admit or deny the allegations in this paragraph.  To the extent an answer is required, the allegations are denied.

84.    The Website Statements falsely impute that the Plaintiff engaged in

criminal conduct.

**ANSWER:** The Defendants deny the allegations in this paragraph.

85. Further, the Website Statements falsely impute the Plaintiff lacks integrity in his profession.

**ANSWER:** The Defendants deny the allegations in this paragraph.

86. In the July Vitals Post, the Defendants stated that the Plaintiff was "let go from the University of Minnesota due to his unsatisfactory performance."

**ANSWER:** Wood believes she made a post in July; however, she cannot admit the exact content of any post without the ability to review the post in its entirety.

87. The Plaintiff was not let go from the University of Minnesota due to unsatisfactory performance.

**ANSWER:** The Defendants deny the allegation in this paragraph.

88. In fact, the University of Minnesota's Head of Pediatrics expressly wrote the Plaintiff stating that the employment action had "not been taken because of your performance as an interventional cardiologist or as any attending physician on our cardiology services. You are not now, nor have you ever been subject to a disciplinary action by the Department or the University of Minnesota Medical Center. There is no ongoing or planned review of your practice. You continue to have effective professional relationships with your colleagues here in the Department. Personally, I want to thank you for all you have done here and I look forward to working together in the coming months."

**ANSWER:** The Defendants lack knowledge sufficient to admit or deny the allegations in this paragraph. To the extent an answer is required, the allegation is denied.

89. The Website Statements falsely impute the Plaintiff lacks ability in his

profession.

**ANSWER:** The Defendants deny the allegations in this paragraph.

90.     In the July Vitals Post, the Defendants further warned individuals to "NOT

LET THIS 'DOCTOR' ANYWHERE NEAR YOUR CHILD."

**ANSWER:** Wood believes she made a post in July; however, she cannot admit the exact content

of any post without the ability to review the post in its entirety.

91.     The Defendants thereby suggested that the Plaintiff would harm children.

**ANSWER:** The Defendants deny the allegation in this paragraph.

92.     The Plaintiff would most certainly not harm children.

**ANSWER:** The Defendants lack knowledge sufficient to admit or deny the allegations in this

paragraph.  To the extent an answer is required, the allegations are denied.

93.     The Website Statements falsely impute the Plaintiff lacks ability in his

profession.

**ANSWER:** The Defendants deny the allegations in this paragraph.

94.     The Website Statements prejudice the Plaintiff in his profession.

**ANSWER:** The Defendants lack knowledge sufficient to admit or deny the allegations in this

paragraph.  To the extent an answer is required, the allegations are denied.

95.     In the April RateMD Post, the Defendants stated that the Plaintiff "was fired

from U of M for very good reason. He is incompetent, condescending, & almost killed our

son."

**ANSWER:** Wood believes she made a post in April; however, she cannot admit the exact

content of any post without the ability to review the post in its entirety.

96.     The Plaintiff was not let go from the University of Minnesota for a

"good reason."

**ANSWER:** The Defendants deny the allegation in this paragraph.

97.     The Plaintiff did not "almost kill" any child patient.

**ANSWER:** The Defendants lack knowledge sufficient to admit or deny the allegations in this
paragraph.  To the extent an answer is required, the allegations are denied.

98.     The Website Statements falsely impute that the Plaintiff engaged in
criminal conduct.

**ANSWER:** The Defendants deny the allegations in this paragraph.

99.     The Website Statements falsely impute that the Plaintiff lacks ability in
his profession.

**ANSWER:** The Defendants deny the allegations in this paragraph.

100.     The Website Statements prejudice the Plaintiff in his profession.

**ANSWER:** The Defendants lack knowledge sufficient to admit or deny the allegations in this
paragraph.  To the extent an answer is required, the allegations are denied.

101.     The Defendants published the Website Statements concerning the Plaintiff to
third parties.

**ANSWER:** The Defendants deny the allegations in this paragraph.

102.     The Defendants made the foregoing statements on and through the Internet.

**ANSWER:** The Defendants deny the allegation in this paragraph.

103.     The Website Statements identified the Plaintiff by name.

**ANSWER:**  The Defendants deny the allegation in this paragraph.

104.     Persons other than the Plaintiff and the Defendants would have and actually
have reasonably understood that the Website Statements related to and were about the

Plaintiff.

**ANSWER:** The Defendants lack knowledge sufficient to admit or deny the allegations in this paragraph. To the extent an answer is required, the allegations are denied, and strict proof is hereby demanded.

105. The Defendants presented the Website Statements as statements of fact.

**ANSWER:** The Defendants deny the allegation in this paragraph.

106. The Website Statements represent the publication of false and defamatory statements of fact by the Defendants about the Plaintiff.

**ANSWER:** The allegations of this paragraph state legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

107. The Website Statements constituted an unprivileged publication of the defamatory statements by the Defendants to third parties.

**ANSWER:** The allegations of this paragraph state legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

108. The Defendants made the Website Statements with actual malice knowing the falsity of the statements.

**ANSWER:** The Defendants deny the allegations in this paragraph.

109. As a result of the Defendants' conduct and the publication of the Website Statements, the Plaintiff has suffered and continues to suffer damages including, but not limited to, harmed reputation and harmed standing in the community.

**ANSWER:** The Defendants lack knowledge sufficient to admit or deny the allegations in this paragraph. To the extent an answer is required, the allegations are denied, and strict proof is hereby demanded.

110.    The foregoing conduct constitutes defamation *per se*.

**ANSWER:** The allegations of this paragraph state legal conclusions for which no answer is required.  To the extent an answer is required, the allegations are denied.

WHEREFORE, the Defendants pray this Court grant judgment in their favor for Count I of the Second Amended Complaint.

## COUNT TWO
## AS AND FOR A SECOND CAUSE OF ACTION FALSE LIGHT

111.    The Plaintiff hereby incorporates by reference Paragraphs 1 through 78 above in this Second Count as though fully set forth herein.

**ANSWER:** The Defendants incorporate and restate the answers to Paragraphs 1 through 78 as though fully set forth herein.

112.    In the January Vitals Post, the Defendant stated that the Plaintiff is a "convicted child sex predator."

**ANSWER:** Wood and Browning are unable to answer this allegation because no individual is identified in this allegation and the word "Defendant" is not defined.  To the extent an answer is required, the allegation is denied.

113.    The Plaintiff has never been convicted of any crime, particularly not that of sexual assault.

**ANSWER:** The Defendants lack knowledge sufficient to admit or deny the allegations in this paragraph.  To the extent an answer is required, the allegations are denied.

114.    The Plaintiff is not a child predator.

**ANSWER:** The Defendants lack knowledge sufficient to admit or deny the allegations in this paragraph.  To the extent an answer is required, the allegations are denied.

115.    The Plaintiff is not a sex predator.

**ANSWER:** The Defendants lack knowledge sufficient to admit or deny the allegations in this paragraph.  To the extent an answer is required, the allegations are denied.

116.    In the July Vitals Post, the Defendants stated that the Plaintiff was "let go from the University of Minnesota due to his unsatisfactory performance."

**ANSWER:** Browning denies the allegation in this paragraph.  Wood believes she made a post in July; however, she cannot admit the exact content of any post without the ability to review the post in its entirety.

117.    The Plaintiff was not let go from the University of Minnesota due to unsatisfactory performance.

**ANSWER:** The Defendants deny the allegation in this paragraph.

118.    In the July Vitals Post, the Defendants further warned individuals to "NOT LET THIS 'DOCTOR' ANYWHERE NEAR YOUR CHILD."

**ANSWER:** Browning denies the allegation in this paragraph.  Wood believes she made a post in July; however, she cannot admit the exact content of any post without the ability to review the post in its entirety.

119.    The Defendants thereby suggested that the Plaintiff would harm children.

**ANSWER:** The Defendants deny the allegations in this paragraph.

120.    The Plaintiff would most certainly not harm children.

**ANSWER:** The Defendants lack knowledge sufficient to admit or deny the allegations in this paragraph.  To the extent an answer is required, the allegations are denied.

121.    In the April RateMD Post, the Defendants stated that the Plaintiff "was fired from U of M for very good reason. He is incompetent, condescending, & almost killed our son."

**ANSWER:** Browning denies the allegation in this paragraph. Wood believes she made a post in April; however, she cannot admit the exact content of any post without the ability to review the post in its entirety.

122.    The Plaintiff was not let go from the University of Minnesota for a "good reason."

**ANSWER:** The Defendants deny the allegation in this paragraph.

123.    The Plaintiff did not "almost kill" any child patient.

**ANSWER:** The Defendants lack knowledge sufficient to admit or deny the allegations in this paragraph. To the extent an answer is required, the allegations are denied.

124.    The Website Statements cast the Plaintiff in a false light by falsely claiming he engaged in criminal conduct.

**ANSWER:** The allegation of this paragraph states a legal conclusion for which no answer is required. To the extent an answer is required, the Defendants deny the allegation.

125.    The Website Statements further cast the Plaintiff in a false light by imputing that he lacks integrity and ability in his profession.

**ANSWER:** The allegations of this paragraph state legal conclusions for which no answer is required. To the extent an answer is required, the Defendants deny the allegations.

126.    The Defendants published the Website Statements concerning the Plaintiff to third parties.

**ANSWER:** The Defendants deny the allegation in this paragraph.

127. The Website Statements identified the Plaintiff by name.

**ANSWER:** The Defendants deny the allegation in this paragraph.

128. Persons other than the Plaintiff and the Defendants would and actually have reasonably understood that the Website Statements related to and were about the Plaintiff.

**ANSWER:** The Defendants lack knowledge sufficient to admit or deny the allegations in this paragraph. To the extent an answer is required, the allegations are denied, and strict proof is hereby demanded.

129. The Defendants made the foregoing statements on and through the Internet.

**ANSWER:** The Defendants deny the allegations in this paragraph.

130. By publishing the Website Statements on and through the Internet, the Defendants intentionally published the statements to a wide audience.

**ANSWER:** The Defendants deny the allegations in this paragraph.

131. The Website Statements made by the Defendants about the Plaintiff are and would be highly offensive to a reasonable person.

**ANSWER:** The Defendants deny the allegations in this paragraph.

132. The Defendants made the Website Statements with actual malice knowing the falsity of the statements contained therein.

**ANSWER:** The Defendants deny the allegations in this paragraph.

133. As a result of the Defendants' conduct and casting the Plaintiff in a false light, the Plaintiff has suffered and continues to suffer damages including, but not limited to, harmed

reputation and harmed standing in the community.

**ANSWER:** The allegations of this paragraph state legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied, and strict proof is hereby demanded.

WHEREFORE, the Defendants pray this Court grant judgment in their favor for Count II of the Second Amended Complaint.

## COUNT THREE
### AS AND FOR A THIRD CAUSE OF ACTION CIVIL CONSPIRACY

134.    The Plaintiff hereby incorporates by reference Paragraphs 1 through 78 above in this Third Count as though fully set forth herein.

**ANSWER:** The Defendants incorporate and restate the answers to Paragraphs 1 through 78 as though fully set forth herein.

135.    Defendants Lauri Sue Browning and Theresa Wood entered into an agreement, either formal or informal, to engage in the foregoing Wrongful Conduct to their benefit and for the specific unlawful purpose to defame and cast the Plaintiff individually in a false light.

**ANSWER:** The allegations of this paragraph state legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

136.    The Plaintiff has been and shall continue to be harmed by this civil conspiracy between the Defendants.

**ANSWER:** The allegations of this paragraph state legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

137.    As described above, Defendant Browning and Defendant Wood engaged in

overt tortious actions by defaming the Plaintiff in furtherance of the aforementioned agreement and civil conspiracy.

**ANSWER:** The allegations of this paragraph state legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

138.  As described above, Defendant Browning and Defendant Wood engaged in overt tortious actions by casting the Plaintiff in a false light in furtherance of the aforementioned agreement and civil conspiracy.

**ANSWER:** The allegations of this paragraph state legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

139.  Where any one Defendant did not actually post one or more of the statements about the Plaintiff or partake in any of the other unlawful Wrongful Conduct, such Defendant collaborated, conspired, and worked in concert with the other Defendants to do so and cause the Plaintiff harm.

**ANSWER:** The Defendants deny the allegations in this paragraph.

140.  Through their conspiracy, Defendant Browning and Defendant Wood are liable for each other's conduct as though they had each made all of the defamatory and false light statements themselves.

**ANSWER:** The allegations of this paragraph state legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

141.  As a result of the Defendants' conspiracy, the Plaintiff has suffered and continue to suffer damages including, but not limited to, harmed reputation.

**ANSWER:** The Defendants deny the allegations in this paragraph.

WHEREFORE, the Defendants pray this Court grant judgment in their favor

Count III of the Second Amended Complaint.

## GENERAL

142.    Where conditions precedent are alleged, the Plaintiff avers that all

conditions precedent have been performed or have occurred.

**ANSWER:** The allegations of this paragraph state legal conclusions for which no answer is

required.  To the extent an answer is required, the allegations are denied.

143.    The Plaintiff demands a jury trial.

**ANSWER:** No facts are alleged in this paragraph such that a response is required.  To the extent

an answer is required, the allegations are denied.


## PRAYER FOR RELIEF

WHEREFORE, the Defendants, Lauri Browning and Theresa Wood, hereby pray this

Court grant judgment in their favor for Counts I, II, and III, and for any further relief this Court

deems and just under the circumstances.


## DEFENDANTS' AFFIRMATIVE DEFENSES

Without assuming any burden of proof that they would not otherwise bear under

applicable law, Defendants assert the following Affirmative Defenses to the Second Amended

Complaint:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff initiated this litigation beyond the one-year statute of limitations for several of

the purported defamatory posts he alleges as a basis for recovery.  As such, the Plaintiff's claims

are time barred.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted, for the matters alleged by Plaintiff to support his claims for defamation *per se*, false light, and conspiracy rely upon mere statements of opinion, which are consequently non-actionable.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted, for the matters alleged by Plaintiff in regard to his claims for defamation *per se*, false light, and conspiracy, because the substance of the statements about the Plaintiff are true statements and are consequently non-actionable.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted, for the matters alleged by Plaintiff in regard to his claims for defamation *per se*, false light, and conspiracy are based upon statements allegedly concerning the Plaintiff which are capable of an innocent construction, they lack precision and particularity, and are non-actionable.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff has suffered no damages and/or has failed to mitigate his purported damages.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were caused through his own actions.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff filed this litigation for the purposes of continuing his ongoing campaign of harassment against Browning.

## <u>EIGHTH AFFIRMATIVE DEFENSE</u>

Plaintiff, as a hospitalist, does not rely or otherwise depend upon online reviews to facilitate patients or income.  The nature of the Plaintiff's job is one where he is assigned to patients.  Thus, any statements that were made could not have caused any damage to the Plaintiff and the Plaintiff has no proof of any reputational or career damages suffered as a result of any of the posts set forth in this Second Amended Complaint.

Dated: October 23, 2018

Respectfully submitted:
*/s/ Stephen Donnelly*
Attorney for the Defendants

PARIKH LAW GROUP, LLC
Stephen Donnelly 6305757
Local Counsel for Defendants
150 S. Wacker Drive, Suite 2600
Chicago, Illinois 60606
Tel: (312) 725-3476
sdonnelly@plgfirm.com

## CERTIFICATE OF SERVICE

I, the undersigned, an attorney, do hereby certify that a true and correct copy of this Answer the Second Amended Complaint was served upon the party listed below via the CM/ECF system on October 23, 2018.

*/s/ Stephen Donnelly*

## SERVICE LIST

**Tatyana L Ruderman**
Mudd Law Offices
3114 West Irving Park Road
Suite 1w
Chicago, IL 60618
(773) 588-5410
Email: tlr@muddlaw.com